IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GALDERMA LABORATORIES INC., GALDERMA LABORATORIES, L.P., and SUPERNUS PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS, LLC and AMNEAL PHARMACEUTICALS CO. (I) PVT. LTD., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : C.A. No. 11-1106-LPS <br> : <br> : <br> : <br> : <br> : <br> : |

## **MEMORANDUM ORDER**

Pending before the Court is Defendants' Amneal Pharmaceuticals, LLC and Amneal Pharmaceuticals Co. (I) PVT. LTD.'s ("Amneal") Motion for Leave to File Amended Answer to the Second Supplemental Complaint of Plaintiffs Galderma Laboratories Inc., Galderma Laboratories, L.P., and Supernus Pharmaceuticals, Inc. ("Galderma"). (D.I. 165) For the reasons set forth below, the Court will GRANT Amneal's motion.

1. Galderma filed its complaint against Amneal on November 8, 2011. (D.I. 1) On July 24, 2012, by stipulation of the parties agreed to by the Court, Galderma filed its First Supplemental Complaint, adding a claim for infringement of the recently-issued U.S. Patent No. 8,206,740 (the "'740 patent"). (D.I. 72, 73, 74) On November 12, 2012, by stipulation of the parties agreed to by the Court, Galderma filed its Second Supplemental Complaint. (D.I. 127, 128)

2. The deadline for Amneal to amend its pleadings was August 15, 2012. (D.I. 29 ¶ 2)

3. On January 10, 2013, the last day of fact discovery (D.I. 147), Amneal moved to amend its answer to add affirmative defenses and/or counterclaims of unenforceability due to inequitable conduct, unclean hands, and breach of contract (D.I. 165).

4. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Good cause is present when the schedule cannot be met despite the moving party's diligence. *See Leader Techs., Inc. v. Facebook, Inc.*, 2010 WL 2545959, at *3 (D. Del. June 24, 2010). Pursuant to Federal Rule of Civil Procedure 15, courts generally grant motions to amend absent a showing of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

5. Amneal states that it could not have amended its answer to comply with the Scheduling Order and pleading requirements of inequitable conduct and unclean hands, and has shown good cause for its requested post-deadline amendment. Amneal asserts that it discovered facts supporting its inequitable conduct claim after the amendment deadline. Specifically, it was only during the deposition of prosecution counsel in December 2012 that Amneal learned that prosecution counsel only disclosed a portion of data of which counsel was aware and which Amneal contends was material. (*See, e.g.*, D.I. 166 at 8-9) Amneal asserts that it also discovered facts supporting its unclean hands claim when it learned, again in December 2012, of allegations that litigation counsel improperly participated in patent prosecution. Under the circumstances, the Court finds that Amneal's proposed amendment is not untimely.

6. Further, the Court disagrees with Galderma's assertion that Amneal's claims, taken as true (as they must be at this point), are futile (putting aside whether they are likely to be

proven). With respect to inequitable conduct, the Court may need to evaluate for itself the credibility of the former prosecution counsel who testified to having no recollection of why the data in question (which prosecution counsel participated in preparing) was not shared with the PTO, particularly as prosecution counsel was unable to provide an explanation for the omission. Similarly, with respect to the unclean hands and breach of contract allegations, the Court cannot rule out the possibility that litigation counsel – in what Galderma appears to acknowledge may have been a "technical breach" of the terms of the offer of confidential access (D.I. 175 at 17) – inadvertently "used" confidential information in some respect in the course of repeated communications with prosecution counsel. *See generally In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so.") (internal quotation marks omitted).

7. Finally, the Court perceives no basis for finding that Galderma will be unduly prejudiced by the grant of Amneal's motion. Amneal filed its motion nearly a year before trial was scheduled to begin, and even now trial remains more than three months away. Amneal seeks, and will be provided, only "limited" discovery relating to its new claims.

Accordingly, Amneal's motion (D.I. 165) is **GRANTED**.  Amneal shall, no later than **October 7, 2013**, file an amended answer in substantially the form it has proposed (*see* D.I. 161-1).  The parties shall meet and confer and submit, no later than **October 7, 2013**, their proposal(s) for any additional limited discovery and any other modification of the Scheduling Order necessitated by today's ruling.

Dated: September 30, 2013
Wilmington, Delaware

                                UNITED STATES DISTRICT JUDGE