IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GALDERMA LABORATORIES INC., GALDERMA LABORATORIES, L.P., and SUPERNUS PHARMACEUTICALS, INC., Plaintiffs, v. AMNEAL PHARMACEUTICALS, LLC and AMNEAL PHARMACEUTICALS CO. (I) PVT. LTD., Defendants. | : : : : : : : : : : : : : : : C.A. No. 11-1106-LPS |

## MEMORANDUM ORDER

At Wilmington this **8th** day of **November, 2013**:

Having reviewed the parties' submissions regarding documents withheld from production by Plaintiffs on the basis of assertion of attorney-client privilege (D.I. 193, 194, 195), and having reviewed those documents *in camera*,

IT IS HEREBY ORDERED that Defendants' request to compel production of certain documents withheld by Plaintiffs based on an assertion of attorney-client privilege is GRANTED IN PART and DENIED IN PART, as follows:

1. Subject only to the provision relating to redaction set forth below, Plaintiffs shall, **no later than November 14, 2013**, PRODUCE copies of the documents sought by Defendants listed on the December 12, 2012 privilege log (*see* D.I. 195 at 2 n.1), which relate to Defendants' unclean hands and breach of contract claims. Each of these documents shows one or more of the following:

    (a) litigation counsel communicating with prosecution counsel about

prosecution activity, including providing advice regarding same – notwithstanding the facts that litigation counsel was, on and after October 4, 2011, limited by Defendants' Offer of Confidential Access ("OCA") to using Defendants' confidential information "for the sole and exclusive purpose of determining whether an infringement action. . . can be brought" (D.I. 192 at 22-23 ¶¶ 81, 83), and prohibited by the OCA in such manner that litigation counsel could "not engage, formally or informally, in patent prosecution for the NDA holder or the Patent holders" (*id.* ¶ 82), and later additionally prohibited by the Court's May 8, 2012 Protective Order from even "informal" engagement with "patent prosecution" (*see* D.I. 36 ¶ 12[1]);

      (b)    prior communications between litigation counsel and prosecution counsel being referenced; and/or

      (c)    litigation counsel being copied on communications among prosecution counsel and the client.

Under the circumstances, litigation counsel's declaration denying any use of Defendants'

---

[1] Paragraph 12 of the Protective Order provides: "Subsequent to entry of this Order, the individuals who have received HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION pursuant to Paragraphs 7-8 must not engage, formally or informally, in patent prosecution for the use of subantimicrobial dosages of controlled or extended release doxycycline for dermatologic use, for the duration of this action including appeals and three years thereafter." Paragraph 13 of the same Order states: "Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice the attorney shall not disclose any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION received from a Producing Party to unauthorized persons." (D.I. 36; *see also id.* ¶ 22 ("The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION if said person or entity already has legitimate possession thereof."))

confidential information in patent prosecution (*see* D.I. 175 Ex. 7 at ¶ 3[2]) waived the attorney-client privilege, and it is necessary for Defendants to have copies of these communications in order for a determination to be made as to whether (*inter alia*) the OCA and Protective Order were breached.

The Court is aware that many of the documents sought by Defendants and withheld by Plaintiffs are redundant, frequently repeating precisely the same e-mail communications. Certain of the withheld documents differ from one another only due to the addition of a single, subsequent communication that does not in any way refer to, copy, or apparently relate to litigation counsel. (*See, e.g.*, Log. Nos. 67-75, 79-83) Plaintiffs may, if they wish, submit for *in camera* review proposed redacted versions of the documents the Court is ordering be produced. The specific communications in which litigation counsel is writing, or is expressly referenced, or on which litigation counsel is copied may not be redacted. Should Plaintiffs elect to propose redactions, they shall, **no later than November 13, 2013**, submit their proposed redacted versions of the documents ordered to be produced for *in camera* review, along with a letter identifying where the Court may find the proposed redactions. Should Plaintiffs make such a submission, their obligation to produce documents shall be stayed until further order of the Court.

2. Plaintiffs need not produce the documents sought by Defendants that are listed on the December 24, 2012 privilege log (*see* D.I. 195 at 3), which relate to Defendants' inequitable conduct claim. Even after reviewing the documents, the Court does not find that Defendants

---

[2]"I did not convey any Amneal confidential information, including information derived from Amneal's ANDA No. 203-278, orally or in writing, to Plaintiffs' patent prosecution counsel at any time. Nor did I ever use any such confidential information to engage, formally or informally, in patent prosecution for Plaintiffs."

have made a prima facie showing of the applicability of the crime-fraud exception to the attorney-client privilege. Nor, under the circumstances, does the Court find that the testimony of prosecution counsel (*see* D.I. 175 at 11) constitutes a waiver of privilege.

_____
UNITED STATES DISTRICT JUDGE